**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY H. MENDOZA, | No. 08-17027 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01425-JAT |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted January 14, 2010
San Francisco, California

Before: KOZINSKI, Chief Judge, WALLACE and CLIFTON, Circuit Judges.

We review de novo a district court's judgment upholding the denial of social

security benefits. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). We

affirm and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Mendoza challenges the Administrative Law Judge's (ALJ) conclusion that Mendoza's testimony about "the intensity, persistence and limiting effects of" his symptoms was not fully credible. The ALJ gave specific, clear and convincing reasons why she believed Mendoza's asthma symptoms were not as severe as he claimed, thereby justifying her finding that his symptom testimony was not fully credible. *See Lingenfelter*, 504 F.3d at 1035-36. She did this by pointing to the following facts: 1) Mendoza's admission that he slept when he lay down for four to five hours a day, which could suggest that his inactivity was voluntary and not due, as he claimed, to asthma-related respiratory distress; 2) his "spotty" earnings history even prior to the onset of his alleged disability – as the district court observed, he apparently worked about half the time between 1990 and 2001; 3) his ability to travel to California for three weeks in 2005, and his daily activities – which included driving three times a week to the grocery store, washing dishes, and light housework – all of which could be viewed as inconsistent with his testimony that he had to lie down for much of the day; and 4) the overall medical record, including a March 2004 "borderline normal" pulmonary test result and evidence that Mendoza's asthma improved with bronchodilators and medication. The ALJ also stated there was no evidence of "deconditioning or atrophy" to support Mendoza's claim that he is prone for four to five hours a day. We

conclude that the ALJ's reasons, taken together, satisfy the "specific, clear and convincing" standard and justify the ALJ's finding that Mendoza's symptom testimony was not fully credible.

## II.

Mendoza argues that the residual functional capacity (RFC) ruling should not have relied on assessments from two non-examining, non-testifying doctors. The ALJ's opinion stated she "basically accepts the conclusions by the State agency physicians" as to Mendoza's limitations on work, and the ALJ's RFC finding was a combination of the limitations listed in the two assessments by those state agency physicians, one from February 2005.

Mendoza argues that the 2004 assessment deserved little weight because it relied on another exhibit to which the ALJ assigned little weight. The 2004 assessment cited the "CE MSS," an apparent reference to the consultative examination medical source statement of Dr. Cunningham, to which the ALJ gave little weight because Dr. Cunningham did not examine certain background data. Thus, Mendoza argues, the ALJ's reliance on the 2004 assessment was improper because it relied on Dr. Cunningham's report, which the ALJ found unpersuasive. Not so. Although the 2004 assessment ultimately reached the same conclusion Dr. Cunningham did, the notes accompanying the 2004 assessment show that the state agency physician reviewed other parts of Mendoza's medical record besides Dr.

3

Cunningham's report. Also, the ALJ did not uncritically adopt the 2004 assessment wholesale; rather, she examined the whole record and ultimately made an RFC finding that combined aspects of both the 2004 and 2005 state agency physician assessments. Indeed, she ultimately found Mendoza capable of less strenuous work than the 2004 assessment and Dr. Cunningham suggested.

Mendoza further argues that an ALJ may rely on a non-examining physician opinion only if the physician testified and was subject to cross-examination at the hearing. But in this circuit, "opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ cited several medical sources, including Mendoza's records reflecting the care he received at Cigna, Pulmonary Associates, and the Maricopa pulmonary clinic. The ALJ had the difficult task of reconciling medical evidence from treating, examining and non-examining doctors who reached a variety of conclusions about Mendoza, and *none* of those doctors testified at the hearing. We hold she did not err in reaching a conclusion reflecting a combination of the limitations found by two non-examining doctors.

## III.

Finally, Mendoza argues that the ALJ should have credited the opinion of Dr. Rafique, who opined that Mendoza could not do even sedentary work. This is incorrect; an ALJ may reject an opinion of an examining physician, if contradicted by a non-examining physician, as long as the ALJ gives "specific and legitimate reasons that are supported by substantial evidence in the record." *Moore v. Comm'r*, 278 F.3d 920, 924 (9th Cir. 2002), *citing Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The ALJ's reasons for rejecting Dr. Rafique's opinion meet that standard. She found that Dr. Rafique's opinion conflicted with his own observations about Mendoza's mobility during the examination, and was inconsistent with the record as a whole. Relying on observations and test results from treating physicians as well as reports from non-examining state agency physicians, the ALJ determined that the evidence overall did not support a finding that Mendoza was incapable of sedentary work. The ALJ permissibly rejected a medical opinion of a non-treating examining physician that was unsupported by the record as a whole. *See Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004).

The district court remanded the case for further proceedings on the ground that the ALJ erred by not providing the vocational expert who testified at the hearing with a hypothetical question regarding a person who had all of Mendoza's limitations. The Commissioner did not appeal that portion of the district court's

5

decision, so we remand to the Commissioner for further proceedings consistent with the district court's remand and this decision.

**AFFIRMED and REMANDED.**